**In re GRAND JURY PROCEEDINGS, Harold D. HORAK.**

**No. 80–1124.**

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1980.

Decided March 17, 1980.

Rehearing and Rehearing En Banc Denied May 29, 1980.

---

David L. Herzog, Omaha, Neb., for appellant.

Guy L. Goodwin, Atty., U. S. Dept. of Justice, Washington, D. C. (argued), and Daniel E. Fromstein, Washington, D. C., on brief, for appellee.

Before BRIGHT, ROSS and McMILLIAN, Circuit Judges.

PER CURIAM.

This matter is pending before us on an appeal from a judgment of the district court dated February 12, 1980, holding Harold D. Horak in contempt of court for refusing to testify before a federal grand jury in Omaha, Nebraska, after having been granted immunity pursuant to 18 U.S.C. §§ 6002 and 6003. Horak is presently confined pursuant to that judgment.

This appeal was brought pursuant to 28 U.S.C. § 1826(b) which requires disposition of the appeal by this court within 30 days of the date the appeal was filed.

In order to give this court adequate time to consider the complex legal issues presented by this case, the court, with the express oral approval of counsel for the United States and counsel for Horak, hereby orders suspension of the execution of the confinement of Horak pursuant to said order of the district court, effective March 14, 1980, which is 30 days from the date of the filing of this appeal. This suspension shall remain in effect until the opinion in this case has been filed and a further order issued.

It is so ordered.

## OPINION

ROSS, Circuit Judge.

Harold D. Horak appeals from an order of the Honorable Robert V. Denney, United States District Judge for the District of Nebraska, entered February 13, 1980, hold-

ing Horak in civil contempt pursuant to 28 U.S.C. § 1826, for his refusal to testify before a federal grand jury after having been granted immunity in accordance with 18 U.S.C. §§ 6002 and 6003.

The district court ordered that Horak be confined in the custody of the Attorney General until he testified before the grand jury or until the expiration of the term of the grand jury, the confinement to interrupt a sentence Horak was then serving on convictions for wiretapping and perjury in violation of 18 U.S.C. §§ 2511 and 1623. *See Martin v. United States,* 517 F.2d 906, 909 (8th Cir.), *cert. denied,* 423 U.S. 856, 96 S.Ct. 105, 46 L.Ed.2d 81 (1975).

Horak, then Security Director of Pamida, Inc., an Omaha, Nebraska discount chain, was convicted of wiretapping and perjury in April 1979. He did not appeal this conviction and in October 1979, Horak was brought before the Nebraska grand jury pursuant to a writ of habeas corpus *ad testificandum.* The grand jury was continuing its investigation into the involvement of other high officials of Pamida, Inc., in wiretapping at Pamida, Inc., during 1976–1978. The grand jury was also investigating a possible violation of the obstruction of justice statute, 18 U.S.C. § 1503, based on alleged evidence that Horak had accepted money and offers of future financial reward from other Pamida officers for keeping their part in the wiretapping activities silent.

At the October grand jury, Horak refused to testify on fifth amendment grounds. He was granted immunity pursuant to 18 U.S.C. §§ 6002 and 6003, on the authorization of the *Acting* Assistant Attorney General. Horak persisted in his refusal to testify but *no civil or criminal contempt citation was sought at that time.*

Thereafter, although unnecessary,[1] the government obtained a new authoriza-

tion for immunity from the Assistant Attorney General of the Criminal Division, United States Department of Justice. On February 4, 1980, government counsel advised Horak's attorney by letter that the new immunity authorization had been obtained from the Assistant Attorney General and that Horak would be recalled before the grand jury on February 12, 1980. Government counsel's letter also advised Horak's attorney that if Horak persisted in his refusal to testify, civil contempt proceedings would be initiated.

On February 12, 1980, Horak was again given immunity pursuant to 18 U.S.C. §§ 6002 and 6003, on the basis of the new authorization from the Assistant Attorney General. The 1978 grand jury had expired and on February 12, 1980, Horak was brought before the February 1980 grand jury,. which had resumed the investigation of the wiretapping and obstruction of justice commenced by the prior grand jury. The February 1980 grand jury heard other witnesses regarding these offenses and then called the immunized Horak to testify. Horak was asked several questions relating to the participation of officials of Pamida, Inc., in the wiretapping and about the money and offers of financial reward made to him. To all of these questions Horak refused to testify, stating:

> I respectfully refuse to testify and to claim my right to be free from self-incrimination, double jeopardy and an improperly authorized immunity order. I fear the penalties that Judge Denney could put on me under 18 U.S.C. § 401.

The government then filed its application for an order to show cause why Horak should not be held in civil contempt pursuant to 28 U.S.C. § 1826, and on February 13, 1980, Horak and his attorney appeared before the Honorable Robert V. Denney, where Horak repeated his intention to continue to refuse to testify before the grand

---

1. Horak had contended that the first grant of immunity was improper because the *acting,* rather than *actual,* Assistant Attorney General authorized the order. He repeats this contention in his argument suggesting bad faith on the part of the government. This contention is without merit. Under 18 U.S.C. § 6002 "any designated Assistant Attorney General," including one, as here, designated to act on behalf of the Assistant Attorney General, may request an order granting a witness immunity at a proceeding before the grand jury.

jury. The district court found Horak in civil contempt and ordered him confined until he testified or until the grand jury expired.

Horak brings this appeal from that order, pursuant to 28 U.S.C. § 1826(b), contending: (1) that he had "just cause" under 28 U.S.C. § 1826(a) for his refusal to testify before the grand jury because he believed that the grant of immunity was insufficient to preserve his fifth amendment privilege against self-incrimination, leaving him exposed to potential punishment by the district court under 18 U.S.C. § 401 for criminal contempt; and (2) that he has been subjected to double jeopardy and that the government acted in bad faith by subpoenaing him to appear before both the 1978 and 1980 grand juries, yet initiating contempt proceedings only after he refused to testify before the second grand jury. We affirm the order of the district court.

Horak's principal claim is that his refusal to testify was justified because the immunity granted him under 18 U.S.C. § 6002 was inadequate, on the facts of this case, to protect his rights under the fifth amendment. In particular, he argues that the district court could prosecute him for criminal contempt for previous false trial testimony if his testimony now differs from that given at trial. We disagree.

■ Truthful testimony before the grand jury would not pose a threat of prosecution for perjury or for criminal contempt.[2] Moreover, the district court clearly assured Horak that

if there is any attempt to prosecute this man again, you will have real trouble with this Court. * * * Mr. Horak, I am going to order that you answer the questions and even though these might be different than what you said in the hearing that we had some months ago, you are to answer them truthfully, and you are protected for any answer you gave to

this Grand Jury as far as perjury charge is concerned with reference to previous testimony in the trial because this is "use" immunity, and they cannot use this testimony to convict you for perjury for what you testified to in the previous trial. Do you understand that? So I am going to tell you to answer these questions and answer them just as truthfully as you can.

Judge Denney repeated these assurances to Horak at a hearing on February 12, 1980, stating:

Whether it is diametrically opposed to what he testified before the Grand Jury before or before the trial before me, I don't think it can be used to prove anything and *I will be the first one to stop it* and I think he should testify, that's my thought.

(Emphasis added.) Indeed, *this* court would take a dim view of any attempt to use Horak's immunized truthful testimony as a basis for a perjury or criminal contempt prosecution relating to his prior testimony.

■ In light of Judge Denney's assurances and the government's assertions at oral argument that neither would seek to prosecute Horak for perjury in his prior testimony, on the basis of his requested grand jury testimony, as well as the protections afforded Horak under the fifth amendment and grant of immunity, we conclude that, under these circumstances, Horak lacks "just cause" for his refusal to testify before the federal grand jury.

■ We also reject Horak's claim that he has been subjected to double jeopardy. Horak was held in civil contempt for his refusal to testify before the February 1980 grand jury but *not* held in contempt for his refusal to testify before the grand jury in October 1979. He therefore has not been twice subjected to jeopardy.

---

**2.** This protection would not be afforded if Horak testifies falsely before the grand jury and is prosecuted for perjury in connection with the testimony he gives to the grand jury under the grant of immunity. Furthermore, truthful testimony may be used in conjunction with false

testimony given during the course of immunized testimony at a subsequent trial for perjury where its use is not prohibited by the fifth amendment. *United States v. Apfelbaum*, 445 U.S. 115, 123, 100 S.Ct. 948, 953, 63 L.Ed.2d 250 (1980).

Moreover, in the instant case, the district court ordered that Horak be confined in the custody of the Attorney General only until he testified before the grand jury or until the expiration of the term of the grand jury. Under these circumstances, there can be no question that Horak's confinement for contempt is civil in nature and, as such, may not be made the subject of a double jeopardy claim. *Shillitani v. United States*, 384 U.S. 364, 371 n.8, 86 S.Ct. 1531, 1536 n.8, 16 L.Ed.2d 622 (1966).

Finally, Horak's contention that the government acted in bad faith by not prosecuting him for contempt in connection with his refusal to testify before the grand jury in October 1979 is without merit.

Although "repeated questioning on the same subject of inquiry within which a recalcitrant witness already has refused answers," *Yates v. United States*, 355 U.S. 66, 73, 78 S.Ct. 128, 132, 2 L.Ed.2d 95 (1957), may in some instances suggest bad faith on the part of the government, we do not believe that this case involves prosecutorial misconduct amounting to a denial of due process. Here, the grand jury seeks further information from Horak based on newly discovered evidence regarding other officials' involvement in wiretapping at Pamida as well as other possible crimes. Thus, the scope of inquiry by the grand jury is not the same as when Horak initially testified.

We are satisfied that the purpose of requesting Horak to appear before the 1978 grand jury and its successor grand jury in 1980 was not for the purpose of harassing Horak or of coercing him to testify untruthfully, *see, e. g., Brown v. United States*, 245 F.2d 549, 554–55 (8th Cir. 1957), with a view to prosecuting him for perjury. *See also United States v. Mandujano*, 425 U.S. 564, 583, 585, 609, 96 S.Ct. 1768, 1779, 1780, 1792, 48 L.Ed.2d 212 (1976).

Accordingly, we affirm the order of the district court holding Horak in civil contempt, and we therefore order that Horak be returned to the custody of the Attorney General, in accordance with the order of the district court of February 13, 1980, until Horak testifies before the grand jury or until the expiration of the term of the grand jury.