STATE of Minnesota, Respondent,

v.

Mary Lynn OLSON, Appellant.

No. C0–83–1809.

Court of Appeals of Minnesota.

Oct. 9, 1984.

Hubert H. Humphrey III, Atty. Gen., St. Paul, R. Kathleen Morris, Scott County Atty., Pamela McCabe, Asst. Scott County Atty., Shakopee, for respondent.

C. Paul Jones, Minnesota State Public Defender, Mary R. Vasaly, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from a judgment entered upon a jury verdict finding the appellant guilty of criminal negligence resulting in death. The appellant also appeals from a post-trial order denying her motion for judgment of acquittal, motion to vacate judgment, and motion for new trial. The appellant contends that the trial court improperly instructed the jury upon the definition of criminal negligence. We agree, and remand for a new trial.

## FACTS

Late in the evening of December 20, 1982, the appellant, after consuming several drinks at a bar in Elko, Minnesota, left the bar and began to drive home. When she reached the end of the street, she changed her mind, made a "U" turn, and began driving back to the bar. Intending to park in front of a residence near the bar, she drove towards the building, but lost control of her vehicle and crashed through the exterior wall of the building. An occupant who had been sleeping in the front room of the home and who was pinned by the appellant's vehicle later died as a result of the accident.

The appellant was charged with criminal negligence resulting in death. Following presentation of the evidence, the court apprised the jury of the elements of the offense and the definition of gross negligence. The court also stated:

"It's also the law of the State of Minnesota that a finding by the jury of driving while under the influence of liquor can establish the gross negligence charged in the complaint in this case."

The jury convicted the appellant of criminal negligence and she moved the court for acquittal, vacation of the judgment or a new trial. When her motions were denied, she appealed her conviction.

## ISSUE

Whether the trial court's charge to the jury upon the offense of criminal negligence resulting in death was an erroneous statement of the law.

## ANALYSIS

Minn.Stat. § 609.21 (1982), in effect at the time of the appellant's accident, provided in relevant part:

> Whoever operates a vehicle * * * in a grossly negligent manner and thereby causes the death of a human being not constituting murder or manslaughter is guilty of criminal negligence in the operation of a vehicle resulting in death and may be sentenced to imprisonment for not more than five years or to payment of a fine of not more than $5,000, or both.

Interpreting this statute, the Minnesota Supreme Court noted in *State v. Hansen,* 296 Minn. 42, 46–47, 206 N.W.2d 352, 355 (1973):

> Caution must be exercised that the misdemeanor criminal offense of operating a vehicle while under the influence of an alcoholic beverage as defined in Minn.St. 169.121, when coupled with negligent driving conduct which falls short of "grossly negligent" conduct, does not evolve and pyramid into the felonious crime of criminal negligence simply because the death of a victim results. *The legislature has not defined criminal negligence as the operation of a vehicle while under the influence of alcohol in a manner resulting in the death of a victim. Likewise, this court has never construed criminal negligence in that manner.*

(Emphasis supplied.) *See also State v. McGee,* 347 N.W.2d 802, 806 (Minn.1984) ("a defendant's intoxication alone does not justify a conviction of criminal negligence"). This language indicates that the trial court's instruction in the present instance was erroneous, since the jury was led to believe that the offense of driving while intoxicated could also constitute criminal negligence without further demonstration of grossly negligent conduct.

We are therefore compelled to reverse the appellant's conviction and to remand for a new trial. We note the respondent's claim that the appellant failed to object on the record to the trial court's instructions; however, the record does suggest that an objection was made to the jury instructions in chambers. In addition, Rule 26.04 subd. 18(3), Minn.R.Crim.P., specifically provides that "[a]n error in the instructions with respect to fundamental law or controlling principle may be assigned in a motion for a new trial though it was not otherwise called to the attention of the court." The appellant did object to the jury instruction in her post-trial motions, and we therefore find that her objection was reasonably raised.

## DECISION

The trial court's instruction on the offense of criminal negligence was erroneous and the appellant's objection to that instruction was properly raised. Because we reverse on this issue, we choose not to address the other issues raised by the appellant; however, we do note that those arguments do not appear to have much merit.

Reversed and remanded.