PEOPLE v GALLEGO

Docket No. 78625. Submitted February 11, 1985, at Lansing.—Decided June 18, 1985. Leave to appeal applied for.

Defendant, Luis F. Gallego, was charged with delivery of cocaine as a result of an alleged sale to an undercover officer. The state furnished the money for the transaction. After defendant was arrested and while represented by counsel, a written agreement was reached between a Michigan State Police officer, a Drug Enforcement Administration agent and defendant providing that defendant would not be prosecuted by either federal or state authorities if he returned the money. Defendant complied. The prosecutor determined that the officers did not have the authority to enter into the agreement and charged defendant. The district court dismissed the charge based on the agreement. The people appealed. The Oakland Circuit Court, Frederick C. Ziem, J., affirmed. The people appealed by leave granted.
*Held:*

A promise not to prosecute made by a police officer is not binding upon a prosecutor unless the defendant relies upon it to his detriment. The proper remedy in this case is to exclude the evidence of the money and the agreement.

Reversed and remanded.

CRIMINAL LAW — POLICE OFFICERS — PROSECUTING ATTORNEYS.

A promise not to prosecute made by a police officer is not binding upon a prosecutor unless the defendant relies upon it to his detriment.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 481-485.

Right to withdraw guilty plea in state criminal proceeding where court refuses to grant concession contemplated by plea bargain. 66 ALR3d 902.

*Lippitt, Wolney, Goldpaugh, Svonich & Grand* (by *Norman L. Lippitt*), for defendant on appeal.

Amicus Curiae:

*Joseph T. Barberi* (by *David H. Sawyer* and *Timothy K. McMorrow*), for the Prosecuting Attorneys Association of Michigan.

Before: D. E. Holbrook, Jr., P.J., and Allen and E. M. Thomas,* JJ.

D. E. Holbrook, Jr., P.J. The people appeal by leave granted the order dismissing the charges against defendant. The charge of delivery of cocaine, MCL 333.7401, subds (1) and (2)(a)(ii); MSA 14.15(7401), subds (1) and (2)(a)(ii), and MCL 333.7214(a)(iv); MSA 14.15(7214)(a)(iv), arose from the alleged sale of 18 ounces of cocaine to an undercover officer. Defendant was given over $30,-000 in state "buy" money. Shortly after this transaction occurred defendant was arrested. After several hours of thorough searching the police conceded that they were unable to locate the money. An attorney arrived on the scene to represent defendant. As the officers were desperate to retrieve the money, a written agreement was reached between Detective-Lieutenant John Smiley of the Michigan State Police and Special Agent William R. Dodson of the Drug Enforcement Administration and defendant. This agreement provided that defendant would not be prosecuted by either federal or state authorities if he returned the money within five hours. Defendant did so. The prosecutor later told the officers that they did not have the authority to enter into this agreement and charges were brought against defendant.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

The district court dismissed the charges based on this written agreement and the circuit court upheld the dismissal.

On appeal the prosecutor contends that a police officer cannot grant immunity from prosecution. Rather than dismissal of the charges, the people request that the remedy for the police conduct simply be the exclusion of the evidence.

There is no doubt that if the prosecutor had entered into the agreement it would be binding. *People v Reagan,* 395 Mich 306, 318; 235 NW2d 581 (1975). However, in the instant case we are faced with a question of first impression in Michigan. Is a police officer's agreement not to prosecute binding on the prosecutor when it is made without the prosecutor's knowledge or consent? The general rule is that a police officer's promises are not binding on the prosecutor unless there is a specific statute to the contrary. 21 Am Jur 2d, Criminal Law, § 222, p 407. Michigan does not have such a statute.

A police officer's promise may bind the prosecutor when a defendant detrimentally relies upon it due to the equitable considerations. *Rihl v State,* 413 NE2d 1046 (Ind App, 1980); *United States v Hudson,* 609 F2d 1326 (CA 9, 1979), and *United States v Mahler,* 567 F Supp 82, 87, fn 7 (MD Penn, 1983). We cannot say that defendant detrimentally relied upon the agreement. The money that defendant turned over was subject to forfeiture in any event. MCL 333.7521(f); MSA 14.15(7521)(f).

Nor can we find the circumstances of *In the Matter of Doe,* 410 F Supp 1163 (ED Mich, 1976), to be controlling. Doe had surrendered drugs to a federal agent on the condition that he not be bothered or questioned about them. 410 F Supp 1165. When the prosecutor later attempted to

force Doe to testify at a grand jury hearing, the court did not allow it. However, *Doe, supra,* is distinguishable. Doe was not under investigation, and he did not turn over the drugs to avoid prosecution. While possession alone does constitute a crime, there was no evidence to suspect or question Doe regarding criminal involvement until he surrendered the drugs. Without the drugs, there was no evidence against Doe.

The instant case is quite different. Defendant had already completed the crime and then attempted to make a deal to avoid prosecution. It is clear that only the prosecutor has the authority to make such deals. *People v Watkins,* 78 Mich App 89; 259 NW2d 381 (1977), and *People v Evans,* 94 Mich App 4; 287 NW2d 608 (1979). We would be more sympathic to defendant's claims had he not had counsel present; however, his attorney was present and even signed the agreement.[1]

It is clear that the police conduct was illegal. They improperly induced defendant to sign what amounts to a confession in violation of his Fifth Amendment rights. The people assert that they have no intention of entering this agreement or the money into evidence, and of course, it is not admissible. *Mapp v Ohio,* 367 US 643; 81 S Ct 1684; 6 L Ed 2d 1081 (1961).

We are concerned that the exclusionary rule will not adequately protect defendant's rights in this situation. The officers wanted the return of the money more than they wanted to prosecute defendant and, if faced with a similar situation in the future, would probably do the same thing. At the same time, this violation of defendant's rights should not erase, in the eyes of the law, evidence

---

[1] We express no opinion as to the competency of the attorney that represented him at that time. We note that defendant was represented by a different attorney on appeal.

of defendant's criminal activity which was properly obtained and not traceable to this violation of his rights. Moreover, the people would be barred from prosecuting if all the evidence against the accused was traceable to the unauthorized pledge of immunity from the officers. See *Doe, supra.*

Dismissal is a drastic remedy seldom available.

"Our numerous precedents ordering the exclusion of such illegally obtained evidence assume implicitly that the remedy does not extend to barring the prosecution altogether. So drastic a step might advance marginally some of the ends served by exclusionary rules, but it would also increase to an intolerable degree interference with the public interest in having the guilty brought to book." *United States v Blue,* 384 US 251, 255; 86 S Ct 1416; 16 L Ed 2d 510 (1966).

Accordingly, we find that the proper remedy is to exclude the illegally seized evidence. As the agreement amounts to an involuntary confession, *People v Paintman,* 139 Mich App 161; 361 NW2d 755 (1984), such agreement may not be utilized as evidence or for impeachment purposes. *People v Switzer,* 135 Mich App 779; 355 NW2d 760 (1984).

Reversed and remanded for trial.