The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Michael R. McCORMICK, Defendant–Appellant.

Nos. 87CA0081, 87CA1566.

Colorado Court of Appeals, Div. V.

April 7, 1994.

Rehearing Denied May 19, 1994.

Certiorari Denied Oct. 11, 1994.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Clement P. Engle, Sr. Asst. Atty. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Miller, Hale & Harrison, LLC, Daniel C. Hale, Boulder, for defendant-appellant.

Opinion by Judge BRIGGS.

Defendant, Michael R. McCormick, appeals the judgments of conviction entered upon jury verdicts finding him guilty of two counts of first degree murder and one count of second degree kidnapping. Defendant's principal contentions now before us are that the trial court erred in ruling that the prosecution would be allowed to impeach his testimony at trial with statements he had made pursuant to a plea agreement because the statements were involuntary, and in entering judgment on two counts of murder for a single killing. We reject the contention that defendant's statements were inherently involuntary because they were made pursuant to a plea agreement, but conclude that remand is necessary in order for the trial court to determine the voluntariness of the statements under the totality of the circumstances. Further, we vacate the judgment of conviction on two counts of murder and remand for entry of a judgment of conviction on one count of murder after deliberation.

## I.

This case arises from two separate trials of defendant, the first finding him guilty of eleven felony counts related to theft and fraud, and the second finding him guilty of two counts of first degree murder and one count of second degree kidnapping.

In a previous opinion addressing the results of these trials, a divided panel of this court reversed the judgments of conviction and sentences imposed for murder and kidnapping, finding that the compulsory joinder provisions of § 18–1–408(2), C.R.S. (1986 Repl.Vol. 8B) precluded the subsequent prosecution of the murder and kidnapping charges. The panel also directed that the matter be remanded for further proceedings based upon its determination that an incorrect standard of review was applied in determining whether defendant had breached a plea agreement. *People v. McCormick*, 839 P.2d 474 (Colo.App.1992).

However, our supreme court, in *People v. McCormick*, 859 P.2d 846 (Colo.1993), reversed, holding that the compulsory joinder statute did not preclude prosecution of defendant for murder and kidnapping and that the trial court had correctly ruled that defendant breached the plea agreement. The court reinstated the judgments of conviction and sentences imposed for murder and kidnapping. The cause is now before us in accordance with the supreme court's remand for review and determination of the issues that were raised by defendant but not addressed in this court's prior opinion.

All of the issues raised concerning the theft and fraud trial have been addressed and resolved. The remaining issues concern errors allegedly committed during the murder and kidnapping trial.

## II.

Before either trial defendant entered into a plea agreement which provided that, if he met his obligations under the agreement, he would serve a period of actual incarceration of approximately two years for any convictions arising out of the pending indictment. Defendant agreed, among other things, that he would truthfully and fully provide accurate and verifiable information concerning the homicide of a specific victim and any other homicides of which he had knowledge, and would assist the law enforcement authorities in locating the bodies of these victims.

Pursuant to the agreement, defendant made five detailed statements to law enforcement officers over the course of four months and assisted authorities in locating the body of at least one victim. However, claiming that defendant had not been providing "truthful, accurate and verifiable information," the prosecution thereafter informed defendant in writing that it considered the plea agreement null and void, and it proceeded to file murder and kidnapping charges against him.

Defendant filed a motion to enforce the plea agreement. After a hearing, the trial court denied the motion, finding that defendant had failed to comply with the plea agreement in that he did not truthfully and fully provide accurate and verifiable information. The Supreme Court upheld that determination. *See People v. McCormick, supra*, 859 P.2d 846.

Defendant also moved to suppress the use in the prosecution's case-in-chief of any statements he had made pursuant to the plea agreement and of any derivative statements, arguing that under the agreement's terms the prosecution was prohibited from using them against him. Alternatively, he argued that the statements were involuntary because they were made pursuant to promises contained in a plea agreement and therefore could not be used by the prosecution.

The trial court ruled that, because defendant had breached the agreement by providing less than full and truthful information, he could not prohibit the prosecution's use of his statements by enforcing the agreement's terms. However, at a hearing on the motion to suppress, the prosecutor conceded in response to a question from the court that "because the statements were obtained by a promise [they] were not in that sense voluntary." The court then ruled:

All of the statements that were made by Michael McCormick as part of the plea agreement were made in exchange for a

promise, and ... aside from the agreement, they could not be admitted because as a matter of law they are involuntary when they are obtained by virtue of a promise.... The motion to suppress all evidence derived from statements made by the defendant as part of the plea agreement is granted.

Because of the prosecutor's concession and the court's ruling, no evidence was presented or argument made whether the statements were otherwise involuntary based on the totality of the circumstances. The trial court also never reached the issue whether the plea agreement itself would have prohibited the use of defendant's statements, even though defendant breached the agreement, and that issue is not before us on appeal.

At the murder trial, before defendant testified, his counsel inquired whether statements defendant had made pursuant to the plea agreement could be used to impeach his testimony. At that point, in response to the court's question as to the prosecution's position, the prosecutor stated: "[D]uring hearings before this Court, the Court ruled that [defendant's] statements were in fact voluntary." Even though this was contrary to the prosecution's earlier position and the trial court's earlier ruling, defense counsel failed to bring the error to the court's attention.

On this state of the record, over defendant's objection, the court ruled that "any statement that [the defendant] has made to the prosecution can be used to impeach any testimony that he gives that is contrary to any statements."

### III.

Defendant contends the trial court erred when it ruled that the prosecution could impeach him with statements he made pursuant to a plea agreement. He argues that the trial court had earlier correctly determined that these statements were not voluntary, because they were induced by a promise, and thus are not admissible for any purpose, including impeachment. We do not agree that statements made pursuant to a plea agreement are inherently involuntary. However, we conclude that remand is necessary to give the trial court the opportunity to consider the voluntariness of defendant's statements based on the totality of the circumstances.

### A.

■ Courts have reached differing conclusions as to the voluntariness of a statement induced by a promise, in part as a result of differing interpretations of an observation by the United States Supreme Court before the turn of the century:

[A] confession, in order to be admissible, must be free and voluntary; that is, must not be extracted by any sort of threats or violence, *nor obtained by any direct or implied promises, however slight,* nor by the exertion of any improper influence.

*Bram v. United States,* 168 U.S. 532, 542–43, 18 S.Ct. 183, 187, 42 L.Ed. 568, 573 (1897) (emphasis added).

Some courts over the years have seized upon this dictum to conclude that an incriminating statement made pursuant to a promise is necessarily involuntary, regardless of the context in which the promise is made. However, aside from the fact that the standard for determining voluntariness is no longer whether a confession was obtained by any direct or implied promise, however slight, *Arizona v. Fulminante,* 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), the Supreme Court's observations in *Bram* were made in a context very different from that in which a plea bargain is typically made. As noted in *Brady v. United States,* 397 U.S. 742, 754, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747, 759 (1970):

*Bram* dealt with a confession given by a defendant in custody, alone and unrepresented by counsel. In such circumstances, even a mild promise of leniency was deemed sufficient to bar the confession, not because the promise was an illegal act as such, but because defendants at such times are too sensitive to inducement and the possible impact on them too great to ignore and too difficult to assess.

Other courts have rejected as "wooden literalism" the conclusion that an incriminating statement made pursuant to any promise,

regardless of context, must necessarily be considered involuntary. *See United States v. Ferrara,* 377 F.2d 16 (2d Cir.1967); *State v. Hutson,* 537 S.W.2d 809 (Mo.App.1976); *see also United States v. Davis,* 617 F.2d 677, 686 (D.C.Cir.1979) ("Such a rule would be overbroad and unwarranted."); *State v. Starling,* 456 A.2d 125, 127 (N.J.Super.Ct.Law Div.1983) ("The proposition that a confession which results from a promise is automatically involuntary because it is coercive is thoroughly simplistic and an entirely incorrect recitation of the law.").

These differing conclusions about the voluntariness of a statement induced by a promise also have resulted in part from the constitutional meaning of "voluntariness." As Justice Frankfurter observed in *Culombe v. Connecticut,* 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961), the notion of voluntariness is "an amphibian," used for different purposes.

When a court states that a waiver is involuntary, it sometimes means that the state engaged in conduct that impaired the defendant's capacity for self-determination, either by breaking his or her will or by preventing the defendant from making a free and unconstrained choice. However, at other times the reference has meant that the state had engaged in conduct that is offensive or falls below judge-created standards of decency, irrespective of its impact on the defendant's exercise of free will. *See* P. Westen & D. Westin, *A Constitutional Law of Remedies for Broken Plea Bargains,* 66 Cal.L.Rev. 471 (1978); *see also Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

In either case, it is the use of *coercive or otherwise improper* inducements that is of concern. *See United States v. Long,* 852 F.2d 975 (7th Cir.1988); *Drew v. State,* 503 N.E.2d 613 (Ind.1987); *People v. Gallego,* 143 Mich.App. 639, 372 N.W.2d 640 (1985); *State v. Hutson, supra.*

■ Promises made as part of a plea agreement are not inherently coercive or improper. In *Brady v. United States, supra,* 397 U.S. at 750, 90 S.Ct. at 1470, 25 L.Ed.2d at 757, the Supreme Court rejected the argument that a guilty plea is invalid whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction of a more serious crime:

> The State to some degree encourages pleas of guilty at every important step in the criminal process.... All these pleas of guilty are valid in spite of the State's responsibility for some of the factors motivating the pleas; the pleas are no more improperly compelled than is the decision by a defendant at the close of the State's evidence at trial that he must take the stand or face certain conviction.

*See also Santobello v. New York,* 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 432 (1971) ("The disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered it is to be encouraged.").

Nor is there anything inherently coercive or improper in requiring a defendant to provide information, make statements, or testify truthfully in other proceedings as a term of a plea agreement. *See United States v. Davis, supra; cf. People v. Mounts,* 784 P.2d 792 (Colo.1990). As a result, just as pleas entered pursuant to a plea bargain may be voluntary, so may statements made pursuant to plea bargains.

■ Further, actions taken after a plea agreement that may lead to its failure do not affect the voluntariness of a defendant's earlier acceptance of the agreement. *See Bachner v. United States,* 517 F.2d 589, 598 (7th Cir.1975) (Stevens, J., concurring) ("On the issue of voluntariness, it is, of course, inappropriate to take into account subsequent events, such as the actual sentence imposed; necessarily, the [guilty] plea is either voluntary or involuntary at the time the defendant makes his choice."). *See also* P. Westen & D. Westin, *A Constitutional Law of Remedies for Broken Plea Bargains, supra.*

We therefore conclude, contrary to the trial court, that the statements in question were not involuntary as a matter of law merely because they were made pursuant to defendant's plea agreement.

## B.

■ Even though statements made pursuant to a plea agreement are not necessarily involuntary, they may be involuntary under the totality of the circumstances. *See United States v. Davis, supra; People v. Gennings,* 808 P.2d 839 (Colo.1991); *cf. People v. Mounts, supra.* This determination should ordinarily be made by the trial court in a hearing which provides the safeguards set forth in *Jackson v. Denno, supra. People v. Cole,* 195 Colo. 483, 584 P.2d 71 (1978). Because the trial court here has not had that opportunity, remand is necessary for it to conduct the required hearing.

We do not address, and the trial court on remand is not confronted with, the question whether the prosecution could have been properly allowed to use defendant's statements in its case-in-chief. Here, defendant's challenge is to the trial court's ruling that it would allow the prosecution to use defendant's statements only to impeach his own testimony.

If the trial court concludes that the statements were voluntary, its ruling at trial was correct. *See People v. Cole, supra; see also Harris v. New York,* 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971); *People v. Branch,* 805 P.2d 1075 (Colo.1991). The judgments of conviction for first degree murder and second degree kidnapping will therefore stand affirmed.

■ If the trial court concludes that the statements were involuntary, then they were not admissible for any purpose. *See Jackson v. Denno, supra* (case-in-chief); *People v. Cole, supra* (impeachment). The trial court then must further determine whether the error in ruling the statements could be used to impeach defendant's testimony was harmless. *See Arizona v. Fulminante, supra.* If the court concludes the error was harmless, the judgments of conviction will stand affirmed. If the court instead concludes the error was not harmless, then it must grant a new trial.

## IV.

Defendant contends the trial court erred in entering a judgment of conviction on two counts of murder. We agree.

■ Murder after deliberation and felony murder are not separate and independent offenses, but are different theories of prosecution for first degree murder. As a result, a defendant can be convicted only of one first degree murder for one killing. *See People v. Lowe,* 660 P.2d 1261 (Colo.1983).

■ Defendant cannot be simultaneously convicted of kidnapping and felony murder because kidnapping was the predicate felony for the felony murder charge and conviction for this lesser-included offense is precluded under § 18–1–408(1), C.R.S. (1986 Repl.Vol. 8B). However, the elements of murder after deliberation do not include proof of the same facts necessary to establish the commission of the kidnapping. *See People v. Bartowsheski,* 661 P.2d 235 (Colo.1983).

■ A court should give as much effect to the jury's resolution of the issues submitted to it as can be done without running afoul of the defendant's constitutional and statutory rights. Because the jury here found defendant guilty of both first degree murder after deliberation and the separate crime of kidnapping, and because these crimes do not relate to each other in a manner that precludes the entry of separate judgments of conviction for both offenses, the trial court should enter judgments of conviction for these two crimes and resentence the defendant accordingly. *See People v. Bartowsheski, supra.*

Defendant's other contentions on appeal are without merit.

## V.

The judgment of conviction on two counts of murder is vacated, and the cause is remanded with directions that the trial court amend the judgment, sentence, and mittimus to reflect that defendant has been convicted of a single count of first degree murder after deliberation. The cause is also remanded for a determination whether defendant's statements pursuant to the plea agreement were voluntary. If found to be voluntary, then the judgments of conviction on one count of first degree murder after deliberation and one

count of kidnapping will stand affirmed, subject only to defendant's right to appeal that ruling. If not, then the court must further determine whether the error in allowing their use to impeach defendant's testimony was harmless. If harmless, then the judgments of conviction will stand affirmed, subject again to defendant's right to appeal that ruling. If not harmless, then the judgments of conviction will stand reversed, and the trial court must grant a new trial.

MARQUEZ and DAVIDSON, JJ., concur.